UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BETTY FOWLER, *et al.*,

    Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 2:09-CV-01062-KJD-LRL

**ORDER**

       Presently before the Court is Defendants' Motion to Dismiss Complaint for Violation of Federal Rule of Civil Procedure 4(m) (#18). Plaintiffs filed a response in opposition (#19) to which Defendants replied (#23).

I.  Background and Procedural History

       On or about June 12, 2007, Denise Glasco was shot by two police officers employed by the Las Vegas Metropolitan Police Department after the use of non-lethal force failed to stop her from threatening officers and members of the public. On June 11, 2009, the instant Complaint, alleging constitutional violations and several state law claims, was filed. On October 14, 2009, the Court notified Plaintiffs that time for serving the complaint in compliance with Rule 4(m) had run. The Court ordered Plaintiffs to file proof of timely service no later than October 28, 2009.

On October 27, 2009, Plaintiffs filed proof that the summons and complaint had been served on most defendants on October 15, 2009, six days past the October 9, 2009 Rule 4(m) deadline. Defendants then filed the present motion to dismiss for Plaintiffs' failure to timely serve the summons and complaint.

II. Standard for Relief Under Rule 4(m)

Rule 4(m) provides two avenues for relief. See Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). The first is mandatory: the district court must extend time for service upon a showing of good cause. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).[1] The second is discretionary: if good cause is not established, the district court may extend time for service or dismiss without prejudice. Id. at 512, 514.

In this case, even if the Court were to find that counsel for Plaintiffs has not established good cause, the Court may exercise its discretion to extend time to complete service when a statute-of-limitations bar would operate to prevent re-filing of the action, as it would in this instance. See Lemoge, 587 F.3d at 1198 (citing Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007); United States v. 2,164 Watches, 366 F.3d 767, 773(9th Cir. 2004)). Accordingly, the Court finds that the prejudice that would be suffered by Plaintiffs coupled with the mere six-day delay in timely serving the summons and complaint justify extending the time for service of the summons and complaint. Thus, the Court denies Defendants' motion to dismiss for untimely service.

However, during the pendency of this motion, the Court ordered (#24) Plaintiffs to show cause why the action should not be dismissed against Defendants Clark County and Officer Alford, the only remaining unserved Defendants, for failure to timely serve them in compliance with Rule 4(m). Plaintiffs failed to respond. Accordingly, the complaint will be dismissed against these

---

[1] Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. See Lemoge, 587 F.3d at 1198 n.3 (citing Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)). In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Boudette, 923 F.2d at 756.

2

defendants unless Plaintiffs can demonstrate within ten (10) days of the entry of this order that they served Alford and Clark County no later than November 14, 2009.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Complaint for Violation of Federal Rule of Civil Procedure 4(m) (#18) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiffs file proof of service on Defendants Alford and Clark County within ten (10) days of the entry of this order.

DATED this 27th day of April 2010.

_____
Kent J. Dawson
United States District Judge