# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BETTY FOWLER, individually, *et al.*,

    Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 2:09-CV-01062-KJD-LRL

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss for Want of Prosecution (#36/37). Though the time for doing so has passed, Plaintiffs have failed to file a response in opposition. Also before the Court is Defendant Sheriff Doug Gillespie's Motion to Dismiss (#28). Plaintiffs filed a response in opposition (#29) to which Gillespie replied (#32). Finally, Defendants filed a Motion for Judgment on the Pleadings (#30). Though the time for doing so has passed, Plaintiffs have failed to file a response in opposition to the motion for judgment on the pleadings.

    Having read and considered the motion, and good cause being found under the Court's inherent power, Federal Rule of Civil Procedure 37, and Local Rule 7-2(d), the Court grants Defendants' motion to dismiss for want of prosecution. Furthermore, even if the Court were to deny the motion to dismiss for want of prosecution, the Court grants the remaining motions to dismiss.

1    Plaintiffs' last action of record in this action occurred on June 21, 2010 when they filed the
2    Verified Petition for Permission of Attorney Emmanuel C. Akudinobie to Practice Pro Hac Vice
3    (#34). The Verified Petition was approved and entered by the Court on June 23, 2010. Though
4    Plaintiffs' response to Defendants' Motion for Judgment on the Pleadings (#30) was due June 27,
5    2010, Plaintiffs failed to file a response or further participate in the litigation they initiated.
6    Shortly after a telephonic Rule 26(f) conference was conducted on May 18, 2010, Defendants
7    made their initial disclosures. Plaintiffs then submitted a proposed discovery plan and scheduling
8    order that did not conform to the Local Rules. On June 10, 2010, Defendants pointed out their
9    objections to Plaintiffs. On June 16, 2010, the parties continued to communicate regarding the
10   proposed discovery plan and scheduling order. On June 17, 2010, Defendants communicated with
11   Plaintiffs seeking Plaintiffs' Rule 26(f) disclosures. Communication about the adequacy of
12   Plaintiffs' Rule 26(f) disclosures and the filing of an adequate discovery plan continued through
13   August 4, 2010, when Defendants sent Plaintiffs a letter inquiring why the discovery plan had not
14   been filed with the Court. Plaintiffs did not respond to the letter.
15   On September 3, 2010, Defendants sent another letter to Plaintiffs detailing Plaintiffs' failure
16   to communicate in any way with Defendants. Finally, on October 14, 2010, Defendants filed the
17   present motion to dismiss for failure to prosecute. Plaintiffs have failed to respond. Accordingly, the
18   Court finds that Defendants' motion to dismiss should be granted due to Plaintiffs' willful failure to
19   prosecute this action. However, even if the Court were to deny the motion, Defendants' motions to
20   dismiss on the merits of the case are granted.
21   The action against Sheriff Douglas Gillespie should be dismissed because the allegations of
22   the complaint contain no allegations sufficient to determine that Gillespie caused any constitutional
23   violation or was personally involved in the decisions underlying Plaintiffs' civil rights complaint.
24   See Hansen v. Black, 885 F.2d 642 (9th Cir. 1989)(citing Pembaur v. City of Cincinnatti, 475 U.S.
25   469, 479 (1986)). Plaintiffs' second and third claims for relief for violations of the Fifth and
26   Fourteenth Amendments are dismissed, because the facts assert pre-trial deprivation of liberty

claims. Those claims for excessive force before and during arrest, not after, arise under the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 273 (1994); Bolling v. Sharpe, 347 U.S. 497 (1954); Reed v. Hoy, 909 F.2d 324, 329 (9th Cir. 1989). Plaintiffs' claim under the Americans with Disabilities Act ("ADA") must be dismissed, because claims against officers in their individual capacities are not authorized. See EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276 (7th Cir. 1995). Furthermore, Title II of the ADA does not apply to officers' ". . . on the street responses to reported disturbances[.]" Hainze v. Richards, 207 F.3d 795 (5th Cir. 2000). Finally, all of Plaintiffs' state law claims must be denied, because discretionary immunity applies to the officers' actions in apprehending the decedent. See Martinez v. Maruszczak, 168 P.2d 720 (Nev. 2007); Butler *ex rel.* v. Bayer, 168 P.3d 1055 (Nev. 2007).

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Want of Prosecution (#36/37) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Sheriff Doug Gillespie's Motion to Dismiss (#28) is **GRANTED**;

IT IS FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings (#30) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiffs.

DATED this 9th day of March 2011.

_____
Kent J. Dawson
United States District Judge

3